UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ADINOLFI, *by and through his Guardian Ad Litem, John Adinolfi*,<br><br>Plaintiff,<br><br>v.<br><br>OMNI LA COSTA RESORT & SPA LLC, et al.,<br><br>Defendants. | Case No.: 18-CV-1657-JLS-WVG<br><br>**ORDER: DENYING PLAINTIFF'S MOTION TO REOPEN DISCOVERY [ECF NO. 15]; DENYING DEFENDANT'S MOTION TO DEPOSE JOHN ADINOLFI [ECF NO. 14]** |

Present before the Court is Plaintiff's Motion to Reopen Discovery to allow Plaintiff to depose Defendant Omni La Costa Resort & Spa's Rule 30(b)(6) witness and complete written discovery regarding liability. (Pl's Mot, ECF No. 15.) Additionally, Defendant has filed a motion seeking leave to depose Plaintiff's *guardian ad litem*, John Adinolfi. (Def's Mot, ECF No. 14.) For the reasons that follow, the Court **DENIES** both motions.

## I. BACKGROUND

On November 14, 2018, the Court convened a Case Management Conference at which time discovery dates were set. On November 19, 2018, a scheduling order issued, setting, *inter alia*, the date by which fact discovery must conclude as April 12, 2019. (*See* ECF No. 8 at ¶ 6.) On February 13, 2019, Plaintiff propounded Special Interrogatories,

Request for Admissions, and Request for Production of Documents. (Guevara Decl. at 8.[1]) On March 13, 2019, Defendant informed Plaintiff that a protective order was needed before Defendant could provide answers to Plaintiff's written discovery requests and sought an extension of time to respond. (*Id*. at 9.) On March 15, 2019, Plaintiff agreed to allow Defendant until April 1, 2019 to respond. (*See* Mot., Ex. 5.) On March 21, 2019, the parties moved for entry of a protective order, which the Court granted.[2] (ECF Nos. 9, 11.) On March 29, 2019, Defendant sought an additional two week extension to respond to Plaintiff's discovery requests. (*See* Pl's Mot., Ex. 8). Plaintiff granted the request, allowing Plaintiff until April 15, 2019 to respond. (*See id*.)

On February 22, 2019, Defendant served on Plaintiff a notice of deposition seeking to depose John Adinolfi on March 12, 2019. (Julian Decl. at ¶ 3.[3]) On March 5, 2019, Plaintiff advised Defendant that Mr. Adinolfi was not available on March 12 and requested alternative dates. (*Id*. at ¶ 4.) The parties agreed upon April 26, 2019. (*Id*. at ¶ 5.) However, on April 23, 2019, Plaintiff advised Defendant that Mr. Adinolfi was no longer available on April 23, 2019. (*Id*.) The parties then agreed to depose Mr. Adinolfi on May 29, 2019. (*Id*. at ¶ 6.)

On May 1, 2019, the Court convened a Mandatory Settlement Conference. At the settlement conference, counsel for Plaintiff and Defendant first raised the present discovery issues and sought leave to formally move the Court for an order reopening discovery. The Court granted the parties leave to do so.

---

[1] Counsel for Plaintiff did not submit her Declaration as a separate document but rather as a continuation of the Motion. Thus, any reference to the Declaration of Shannon Guevara is to ECF No. 15 and the cited page.

[2] The parties advised the Court in their Joint Discovery Plan of their anticipated need for a protective order. (ECF No. 5 at 3.) During the Case Management Conference on November 14, 2018, the Court forewarned the parties not to delay seeking a protective order. The parties chose to wait four months before seeking such an order.

[3] Similar to counsel for Plaintiff, counsel for Defendant did not submit her Declaration as a separate document but rather as a continuation of the Motion. Thus, any reference to the Declaration of Jocelyn A. Julian is to ECF No. 14 and the cited page.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure ("Rule") 16(b)(3), a district court is required to enter a pretrial scheduling order that "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). The scheduling order "controls the course of the action unless the court modifies it" and Rule "16 is to be taken seriously." Fed. R. Civ. P. 16(d); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). Indeed, parties must "diligently attempt to adhere to [the Court's] schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). "A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril.' " *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985) ).

Rule 16(b)(4) "provides that a district court's scheduling order may be modified upon a showing of 'good cause,' an inquiry which focuses on the reasonable diligence of the moving party." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n. 6 (9th Cir. 2007); citing J*ohnson*, 975 F.2d at 609. In *Johnson*, the Ninth Circuit explained,

> ... Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) ... [T]he focus of the inquiry is upon the moving party's reasons for seeking modification ... If that party was not diligent, the inquiry should end.

*Johnson*, 975 F.2d at 609.[4]

In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have

---

[4] The parties agree that the principles espoused in *Johnson* apply to counsel engaged in civil discovery. (*See* Pl's Mot at 4-5; Def's Mot at 1.)

3

18-CV-1657-JLS-WVG

been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference ..." *Jackson*, 186 F.R.D. at 608.

The parties may stipulate to various procedures concerning discovery, however "a stipulation extending the time for any form of discovery must have court approval if it would interfere with the time set for completing discovery, for a hearing motion, or for trial." Fed. R. Civ. P. 29(b).

### III. DISCUSSION

At the outset, the Court notes that both issues raised by the parties are untimely. Pursuant to the Court's rules, "counsel shall jointly call chambers to notify the Court of a discovery dispute within thirty (30) calendar days of the date upon which the event giving rise to the dispute occurred." Judge Gallo's Chambers Rules IV.B.

Plaintiff served written discovery requests on February 13, 2019. On March 13, 2019, Defendant failed to provide substantive responses but rather advised that a protective order would be needed before a response would be provided. Thus, Plaintiff had thirty days from March 13, 2019 to raise this issue with the Court.[5] However, Plaintiff failed to do so and did not raise the issue with the Court until May 1, 2019, fifty days after the dispute arose and twenty days after fact discovery concluded. By no measure was this dispute timely brought to the Court's attention.

Defendant served its notice to depose John Adinolfi on February 22, 2019. (Def's Mot. at 3:25-27.) On March 5, 2019, counsel for Plaintiff advised Defendant that Mr. Adinolfi was not available on the noticed date. (Julian Decl. At ¶ 4.) Thus, Defendant had thirty days from March 5, 2019 to raise this issue with the Court; that was until April 4, 2019. Defendant did not raise the issue with the Court until May 1, 2019, almost a full month beyond the date by which discovery disputes were to be raised, and also twenty days

---

[5] "For written discovery, the event giving rise to the discovery dispute is the date when the response was actually served or when legally due to be served." Judge Gallo's Chambers Rules IV.F.

after fact discovery ended.[6]

The Court has established the thirty-day deadline to avoid the exact issue presented here – to prevent parties from dragging their feet on discovery and to quickly alert the Court when an unresolvable dispute exists. The parties were unable to timely resolve their issues and cavalierly blew past the dispute and discovery deadlines. Thus, the Court would be well within its discretion to simply deny both motions as untimely. However, notwithstanding the Court's lenity in allowing the parties to argue their respective positions, this failure to take discovery seriously is a factor to consider in whether the parties have exercised due diligence, and the Court will discuss the parties' motions in turn.

**A. Plaintiff's Motion to Reopen Discovery**

Plaintiff argues he has diligently conducted discovery, that delay in discovery was due to a change in counsel, that Defendant has caused some of the delay, and that by not being able to conduct additional discovery he will be prejudiced. Each of Plaintiff's arguments is unconvincing.

Plaintiff first propounded written discovery on February 13, 2019. This is nearly three months after the Case Management Conference opened discovery and only two months before the fact discovery cutoff. Plaintiff wasted sixty percent of the time allotted for discovery by sitting idly by. Plaintiff offers no good explanation for waiting three months before beginning written fact discovery in the matter. By engaging in such dilatory conduct, Plaintiff has not at all acted diligently to complete discovery by the deadline set by the Court.

Plaintiff's argument that his change of counsel is good cause to reopen discovery is unavailing. Plaintiff *formally* substituted counsel on March 25, 2019. (*See* ECF No. 10.) In the notice, Ms. Shannon Guevara is substituted in place of Talissa Mulholland. However, the notice indicates that "[o]ther counsel of record for Plaintiff, Joshua Bordin-Wosk, shall

---

[6] The Scheduling Order explicitly advises the parties that "the resolution of any discovery disputes" must be *resolved* by the discovery cut-off date. (ECF No. 8 at ¶ 6.)

remain as counsel of record to be noticed." (*Id.* at 2.) Thus, there has been a continuity of counsel representing Plaintiff. Second, all of the attorneys representing Plaintiff are, or were at the time of representation, employed at the same law firm. Third, Plaintiff's counsel was modified eighteen days prior to fact discovery concluding. The vast majority of fact discovery should have been completed prior to the change of counsel, not just beginning. Lastly, and most importantly, Ms. Guevara represented Plaintiff before March 25, 2019.[7] On March 13, 2019, counsel for Defendant sent an email to Ms. Guevara, not Ms. Mulholland or Mr. Bordin-Wosk, seeking an extension of time to respond to Plaintiff's written discovery requests. (*See* Mot., Ex. 3.) Additionally, it was Ms. Guevara that provided Defendant with *two* extensions of time for Defendant to provide responses to Plaintiff's discovery requests. (*See* Mot., Ex. 5.) The Court appreciates that counsel were working cooperatively and willing to extend one another professional courtesies and extensions. However, while civility is to be encouraged, it does not give the parties license to ignore Court orders and impose their own deadlines. Thus, any argument that changing counsel has somehow prejudiced Plaintiff falls completely flat because Plaintiff's present counsel consented to Defendant's delayed response.

Lastly, Plaintiff does not provide any explanation for waiting until April 11, 2019, the day before fact discovery was set to conclude, to notice the deposition of Defendant's Rule 30(b)(6) and percipient witnesses. (*See* Pl's Mot at Ex. 10-11.) Indeed, Plaintiff all but footnotes this issue in the Motion and fails to provide any substantive argument on this other than the bare request in the opening paragraph.

Given Plaintiff's extraordinary delay in seeking discovery and allowing Defendant continued extensions of time to respond, the Court finds Plaintiff did not act diligently to comply with the Court's scheduling order. Moreover, counsel's unilateral agreement,

---

[7] Ms. Guevara may have represented Plaintiff as far back as September 17, 2018. Although the formal notice of appearance of Ms. Guevara was filed with the Court on March 25, 2019, she signed the document on September 17, 2018, soon after the case originated and prior to any discovery having taken place. (*See* ECF No. 10 at 2.)

without Court approval, to an extension of time beyond the date by which discovery was ordered completed violates Rule 29. Accordingly, the Court **DENIES** Plaintiff's Motion.

### B. Defendant's Motion to Depose John Adinolfi

Defendant argues the deposition of Mr. Adinolfi was timely noticed and the continued delays were done to accommodate counsel for Plaintiff. (Def's Mot. At 2:25-3:13.) Defendant claims that good cause exists to allow the deposition of Mr. Adinolfi because Local Rule 83.4(a)(1)(e) allows for the parties to make reasonable scheduling changes. (*Id*. At 3:20-25.)

As the Court noted earlier, the Case Management Conference was held on November 11, 2018. Prior to this, Plaintiff's initial disclosures were served on Defendant on October 12, 2018. (*See* ECF No. 3 at ¶ 5; Def's Mot at Ex 4.) Thus, Defendant was well aware of the critical importance of Mr. Adinolfi, both as Plaintiff's *guardian ad litem* and as a percipient witness. Yet Defendant waited over three months after formal discovery opened to notice the deposition of Mr. Adinolfi for March 12, 2019, which was only one month before fact discovery was set to conclude. (Def's Mot at Ex 1.) The first indication, of which the Court is aware, that Mr. Adinolfi's deposition did not go forward on March 12, 2019 is an email exchange between the parties on March 21, 2019. (Pl's Mot. at Ex 9.) It was not until April 5, 2019 that dates for Mr. Adinolfi's deposition were set. (*Id*.) The first agreed upon date was April 26, 2019, two weeks after the parties were to have completed fact discovery. (*Id*.) This was postponed again, due to Mr. Adinolfi's unavailability, until May 29, 2019, nearly a month and a half after fact discovery concluded.[8] (Def's Mot at Ex 2.)

The Court is astounded by both parties' nonchalant and lackadaisical attitudes in scheduling the depositions of this vital and indispensable witness. First, Defendant waits

---

[8] There is no doubt the parties were well aware of the fact discovery deadline. In the very email chain discussing the rescheduling of Mr. Adinolfi's deposition, counsel for Defendant acknowledged the fact discovery deadline and the urgent need for counsel to discuss that very issue. (Pl's Mot at Ex. 9.)

months to even notice the deposition, and then when Plaintiff wants to delay, Defendant is all too eager to agree. Second, in a case involving the injury of his own son, it is shocking to learn that Mr. Adinolfi cannot seem to find time to sit for a deposition.

Defendant's citation to Local Rule 83.4 is unavailing. The Local Rule cited by Defendant is regarding professionalism and the standards by which the Court expects parties to conduct themselves. While the Local Rules do require the parties "agree to reasonable scheduling changes, requests for extensions of time and waivers of procedural formalities" it in no way advises the parties to disregard orders of the Court, the Federal Rules of Civil Procedure, and Ninth Circuit precedent. Which is precisely what happened here.

Moreover, Defendant's attempt to place the blame for the delay at Plaintiff's feet is equally unconvincing. It was incumbent on counsel for Defendant to address the issue in a timely manner and alert the Court as soon as it became apparent the parties were coming precariously close to the fact discovery deadline. Counsel for Defendant failed to do so and twice agreed to depose Mr. Adinolfi well past the fact discovery cutoff at her, and her client's, peril.

Accordingly, the Court **DENIES** Defendant's Motion.

## IV. CONCLUSION

Because both parties were dilatory in their conduct regarding discovery, both have failed to show good cause to continue the fact discovery deadline. Accordingly, the Court **DENIES** both Plaintiff's Motion to Reopen Discovery and Defendant's Motion to Depose John Adinolfi. The Court further **ORDERS** that no additional fact discovery may occur in the matter.

**IT IS SO ORDERED.**

Dated: May 28, 2019

_____
Hon. William V. Gallo
United States Magistrate Judge