1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

B.A., by and through his Guardian ad Litem, JOHN ADINOLFI,

Plaintiff,

v.

OMNI LA COSTA RESORT & SPA, LLC, a California Corporation; and DOES 1 through 50, inclusive,

Defendants.

Case No.:  18-CV-1657 JLS (WVG)

**ORDER (1) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND (2) DENYING AS MOOT DEFENDANT'S MOTION TO EXCLUDE**

(ECF Nos. 33, 35)

Presently before the Court are Defendant Omni La Costa Resort & Spa, LLC's Motions for Sanctions to Exclude Plaintiff's Expert William Rowley Ph.D., P.E. ("Mot. to Exclude," ECF No. 33) and for Summary Judgment ("MSJ," ECF No. 35).  Also before the Court are the Oppositions ("MSJ Opp'n," ECF Nos. 38, 39; "Exclude Opp'n," ECF Nos. 40, 41) filed by B.A., by and through his guardian ad litem John Adinolfi, and Defendant's Replies ("MSJ Reply," ECF No. 43; "Exclude Reply," ECF No. 42).  The Court vacated the hearing and took the matters under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1).  *See* ECF No. 44.  Having carefully considered the Parties' arguments and evidence and the relevant law, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES AS MOOT** Defendant's Motion to Exclude.

1

# BACKGROUND

On the afternoon of February 3, 2018, Plaintiff sustained an injury to his foot caused by an ADA chair at a jacuzzi on the property located at 2100 Costa Del Mar Road, Carlsbad, California (the "Resort"). *See generally* Aff. of Josh Leger in Support of MSJ ("Leger Aff.," ECF No. 35-3). At all relevant times, Defendant neither owned nor operated the Resort. Aff. of Jeremy Williams in Support of MSJ ("Williams Aff.," ECF No. 35-4) ¶ 1. Rather, the Resort has been owned at all relevant times by LC Investment 2010, LLC ("LC"), *id.* ¶ 2, which is a wholly owned subsidiary of Defendant, *id.* ¶ 3, and managed by Omni Hotels Management Corporation ("OHMC"), *id.* ¶ 4, which is not owned by either Defendant or LC. *Id.* ¶ 5. At all relevant times, all persons who work at the Resort, aside from third-party contractors, were employees of OHMC. *Id.* ¶ 6.

Plaintiff filed suit against Defendant and Doe defendants in the Superior Court for the State of California, County of San Diego on June 12, 2018, alleging two causes of action for negligence and premises liability. *See generally* ECF No. 1-2. Defendant removed on July 20, 2018, on the basis of diversity jurisdiction. *See generally* ECF No. 1. That same day, Defendant filed its answer, generally denying the allegations in Plaintiff's Complaint. *See generally* ECF No. 2. Defendant's seventh affirmative defense provided: "Defendant alleges that it did not own or operate the subject premises at the time of the alleged incident." *Id.* ¶ 7. Defendant's nineteenth affirmative defense stated: "Defendant alleges that plaintiff failed to join a party or parties necessary and indispensable to this action." *Id.* ¶ 19. Pursuant to the Scheduling Order entered in this case, the deadline to amend the pleadings expired December 12, 2018. *See* ECF No. 8 ¶ 1.

On April 15, 2019, Defendant served its responses to Plaintiff's first set of requests for admission, first set of requests for production, and first set of special interrogatories. Decl. of Shannon Guevara in Support of MSJ Opp'n ("Guevara Decl.," ECF No. 39) Exs. 6–7, ECF Nos. 39-6–7; Decl. of Jocelyn A. Julian in Support of MSJ ("Julian Decl.," ECF No. 35-5) Ex. C. Defendant's responses all state that "Defendant does not own or operate the subject premises and therefore does not technically have possession, custody, or control

of responsive documents or information.  However, defendant will provide information and documents from an entity with responsive documents and information."[1]  Decl. of Jocelyn A. Julian in Support of MSJ Reply ("Julian Reply Decl.," ECF No. 43-1) Ex. 5 at 2; Guevara Decl. Ex. 7 at 2; Julian Decl. Ex. C at 2.

On September 13, 2019, Defendant filed in the instant Motions.  *See* ECF Nos. 33, 35.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), a party may move for summary judgment as to a claim or defense or part of a claim or defense.  Summary judgment is appropriate where the Court is satisfied that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Material facts are those that may affect the outcome of the case.  *Anderson*, 477 U.S. at 248.  A genuine dispute of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*  When the Court considers the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Id.* at 255.

---

[1] Additionally, Defendant's prior counsel, Jocelyn Julian of Lewis Brisbois Bisgaard & Smith LLP, Decl. of Jocelyn Julian in Support of MSJ ("Julian Decl.," ECF No. 35-5) ¶ 2, attests that she informed Plaintiff's counsel, Talissa Mulholland of BB Law Group, that Plaintiff had sued the wrong entity approximately at the time of the initial Rule 26(f) conference.  *See id.* ¶ 8.  According to Ms. Julian, she proposed a stipulation substituting OHMC for Defendant.  *See id.*  Although Ms. Mulholland indicated that she was open to the stipulation and would follow up with Ms. Julian about whether she had authority to enter into such a stipulation, Ms. Julian reports that she never heard from Ms. Mulholland or any of Plaintiff's other counsel.  *See id.*  Ms. Mulholland has since left BB Law Group.  *See id.*; *see also* Decl. of Talissa Mulholland in Support of MSJ Opp'n ("Mulholland Decl.," ECF No. 38-2) ¶ 2.  Ms. Mulholland, however, disputes Ms. Julian's account, contending that Ms. Julian never raised the issue of Defendant being the wrong entity and never raised the idea of a stipulation to substitute OHMC.  *See id.* ¶¶ 5, 8–9.  Shannon Guevara, also of BB Law Group, similarly attests that she "was never informed by Defendant's counsel or anybody else of the name of any other entity that owned, controlled, or managed the premises where Plaintiff was injured" and that "Defendant's counsel never sent [her] a proposed stipulation to change the name of the defendant."  Decl. of Shannon Guevara in Support of MSJ Opp'n ("Guevara Decl.," ECF No. 39) ¶ 3.  There therefore exists a genuine dispute of material fact as to whether Defendant's counsel verbally informed Plaintiff's counsel that he had sued the wrong entity.

The initial burden of establishing the absence of a genuine issue of material fact falls on the moving party. *Celotex*, 477 U.S. at 323. The moving party may meet this burden by identifying the "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,'" that show an absence of dispute regarding a material fact. *Id.* When a plaintiff seeks summary judgment as to an element for which it bears the burden of proof, "it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)).

Once the moving party satisfies this initial burden, the nonmoving party must identify specific facts showing that there is a genuine dispute for trial. *Celotex*, 477 U.S. at 324. This requires "more than simply show[ing] that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts'" that would allow a reasonable fact finder to return a verdict for the non-moving party. *Celotex*, 477 U.S. at 324; *Anderson*, 477 U.S. at 248. The non-moving party cannot oppose a properly supported summary judgment motion by "rest[ing] on mere allegations or denials of his pleadings." *Anderson*, 477 U.S. at 256.

## ANALYSIS

Defendant seeks summary judgment in its favor on the grounds that it is not a proper defendant, *see* ECF No. 35-1 ("MSJ Mem.") at 7–13, and that Plaintiff cannot establish the elements for negligence of premises liability based on the undisputed facts.[2] *See id.* at

---

[2] To state a claim for premises liability under California law, Plaintiff must establish that Defendant "[owned/leased/occupied/controlled] the property." *See* Judicial Council of California Civil Jury Instruction 1000. Further, "[e]veryone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care of skill in the management of his or her property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself or herself." Cal. Civ. Code § 1714(a). Both of Plaintiff's claims therefore require

14–23.  "Summary judgment should be granted for the defendant if undisputed facts show that a plaintiff has named the wrong party as the defendant."  *Evans v. BBG Commc'ns, Inc.*, No. 10-CV-542 H (NLS), 2011 WL 13177603, at *2 (S.D. Cal. Mar. 2, 2011) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992); *Oghogho v. Operating Engr's Local 3 Dist. 80*, No. CIV S-07-1570 LKK DAD PS, 2009 WL 238091 (E.D. Cal. Jan. 28, 2009)).  Because Plaintiff fails to introduce evidence creating a genuine dispute of material fact as to Defendant's ownership or operation of the Resort, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES AS MOOT** Defendant's Motion to Exclude.

Defendant introduces evidence that the Resort was owned at all relevant times by LC, Williams Aff. ¶ 2, and operated at all relevant times by OHMC.  *Id.* ¶ 4.  Although LC is a wholly owned subsidiary of Defendant, *id.* ¶ 3, it has no involvement in or control over the management or operations of the Resort or decisions related to employment, supervision, or maintenance activities at the Resort.  *Id.* ¶ 7–8.  Indeed, Defendant has no employees or office space; it acts only as a holding company for various entities, *id.* ¶ 9, including LC.  *See id.* ¶ 3.  Defendant neither shares services, records, or equipment with nor purchase any materials or supplies for LC or OHMC.  *Id.* ¶¶ 10–11.

Plaintiff appears to concede that Defendant is not the proper Defendant.  In urging the Court to deny Defendant's Motion for Summary Judgment, Plaintiff attacks the admissibility of Defendant's evidence, *see* MSJ Opp'n at 4–5; ECF No. 38-3 ("Objs."), and contends that "Defendant should be estopped from denying responsibility for the premises."  MSJ Opp'n at 5–7.  The Court concludes that neither argument suffices to salvage Plaintiff's case.

As for the admissibility argument, Plaintiff contends that the Williams Affidavit— which is the sole evidence supporting Defendant's argument that it is not a proper

---

Plaintiff to establish that Defendant owned or controlled the Resort.  *See, e.g.*, *Burden v. Bar Louie Anaheim, Inc.*, No. SACV 15-0638 AG (E), 2016 WL 551993, at *5 (C.D. Cal. Feb. 10, 2016).

defendant—is inadmissible in its entirety because (1) Defendant failed to identify Mr. Williams as a witness in its initial Rule 26(a) disclosures, and (2) Mr. Williams failed to establish a foundation for his personal knowledge of the facts to which he attests. *See* MSJ Opp'n at 5–6; Objs. No. 1. Defendant responds that "Defendant is a corporate entity and, as such[,] there are issues that are properly within the corporate knowledge." MSJ Reply at 4. Further, "[i]f Plaintiff's argument is accepted, then all in-house and outside legal counsel with knowledge of Omni's corporate structure would need to be disclosed [pursuant to Rule 26(a)], without regard to their personal knowledge of the incident at issue." *Id.* And, "[e]ven if Omni had a duty to identify Mr. Williams in advance of his affidavit, which it strongly denies, any such omission was harmless where here Plaintiff failed to take a single Omni deposition." *Id.* at 5.

The Court agrees with Defendant. Although it is true that Defendant failed to disclose Mr. Williams in its initial disclosures, Defendant did name three witnesses—Tyler Robison, Josh Leger, and Joe Busic—with "information relevant . . . to defendant's defenses." *See* Guevara Decl. Ex. 1 at 1–2. In the Joint Discovery Plan filed with the Court, Plaintiff indicated its intent to depose "Defendant's person most knowledgeable" of various subjects, including "Defendant's maintenance and inspection of the relevant property." ECF No. 5 at 4. Plaintiff also indicated his intent to depose Messrs. Robison, Leger, and Busic and "Defendant's employees, contractors, or agents responsible for monitoring the pool areas of the subject property." *Id.* at 5. Plaintiff ultimately did not depose Defendant (or any of its employees). *See* Julian Reply Decl. ¶ 9. "Therefore, even if Defendant[] w[as] required to identify corporate representatives by name in [its] initial disclosures pursuant to Federal Rule of Civil Procedure 26, Defendant['s] failure to identify [Mr. Williams] by name in its initial disclosures was harmless because there is no evidence Plaintiffs were deprived of the opportunity to take depositions of Defendant['s] corporate representatives of 30(b)(6) designees during discovery, and Plaintiffs should not have been surprised by Defendant['s] reliance on testimony from a corporate representative." *See Acunis-Graham v. Select Portfolio Serv'g, Inc.*, No. CV 17-3143-CBM-SS(x), 2020 WL

1625018, at *2 (C.D. Cal. Jan. 15, 2020) (overruling objection to declaration submitted in support of motion for summary judgment despite declarant not being named in initial disclosures where the plaintiffs failed to depose a Rule 30(b)(6) designee) (citing *Hoffman v. Cty. of Los Angeles*, No. CV 15-3724 FMO (ASx), 2017 WL 3476772, at *2 (C.D. Cal. Feb. 18, 2017); *Dhaliwal v. Singh*, No. 1:13-cv-00484-LJO-SKO, 2014 WL 2957310, at *7 (E.D. Cal. June 30, 2014)); *see also Arista Records LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 417 (S.D.N.Y. 2011) ("The information provided by [the declarant not included in the initial disclosures] is no different from that possessed by a witness whose identity was timely disclosed . . . .  Plaintiffs were not required to update their disclosure to state that they would speak with [the undisclosed witness] instead of [the disclosed one].").

With respect to Plaintiff's estoppel argument, Plaintiff claims that Defendant's "own discovery responses are in conflict with the claims it now makes."  MSJ Opp'n at 6. Specifically, Plaintiff contends, "[d]uring discovery Defendant has, in fact, admitted that it was involved in maintaining the Subject Premises, that it has employees, and that those employees are individuals that maintain the pool area and pool lift at the Subject Premises as well as serve as attendants at the pool." *Id.*  Consequently, "[t]hey should . . . be viewed as binding admissions that Defendant controlled, owned, and/or maintained the Subject Premises." *Id.*  "In the alternative, in light of the representations that have previously been made by Defendant, the only other way to remedy the unfairness wrought by Defendant's conduct and misstatements would be to allow Plaintiff to amend the Complaint to name the correct party." *Id.* at 7.

Defendant counters that "Plaintiff's argument misconstrues the legal principle of equitable estoppel."  MSJ Reply at 2.  "In this case, Plaintiff's counsel has known since at least Omni's initial pleading that Plaintiff sued the wrong entity and yet has never taken even basic steps to investigate or correct the issue." *Id.* at 3.  Defendant contends that this lack of diligence precludes Plaintiff from invoking estoppel. *See id.* at 2, 4.  Further, "[i]t would be grossly inequitable for Plaintiff to proceed and disregard the law of corporate

/ / /

formalities where he has presented no facts showing that Plaintiff's counsel exercised any diligence here to identify and substitute a proper defendant." *Id.* at 6.

Again, the Court must agree with Defendant. Plaintiff cites no legal authorities supporting its argument for estoppel. *See generally* MSJ Opp'n at 5–7. "The elements of the doctrine [of equitable estoppel] are that (1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel has a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury." *Strong v. Cty. of Santa Cruz*, 15 Cal. 3d 720, 725 (1975). Here, Plaintiff cannot make the requisite showing because he was not ignorant of the fact that Defendant was the incorrect defendant.

Plaintiff filed this action on June 12, 2018, alleging that "[a]t all relevant times alleged herein, DEFENDANT[] owned, leased, rented, maintained, operated, supervised, and controlled the Omni La Costa Resort and Spa located at 2100 Costa Del Mar Road, Carlsbad, California 92009." *See* ECF No. 1-2 ¶ 3. On July 20, 2018, Defendant filed its Answer "generally and specifically den[ying] each and every allegation of the Complaint pursuant to California Code of Civil Procedure Section 431.30(d)." *See* ECF No. 2 at 1. Defendant also raised twenty-two affirmative defenses, including that "Defendant alleges that it did not own or operate the subject premises at the time of the alleged incident," *see id.* at 3, and that "Defendant alleges that plaintiff failed to join a party or parties necessary and indispensable to this action." *Id.* at 4.

On February 13, 2019,[3] Plaintiff served a first set of each requests for admission, requests for production of documents, and special interrogatories. *See* Guevara Decl. Exs.

_____

[3] Plaintiff subsequently moved to reopen discovery. *See* ECF No. 15. Magistrate Judge William V. Gallo denied the motion, concluding that Plaintiff had not been diligent in conducting discovery. *See* ECF No. 21 at 5–7. Specifically, Magistrate Judge Gallo noted that Plaintiff had failed to propound any discovery until February 13, 2019, "nearly three months after the Case Management Conference opened discovery and only two months before the fact discovery cutoff." *Id.* at 5. In other words, "Plaintiff wasted sixty percent of the time allotted for discovery by sitting idly by" while "offer[ing] no good explanation for

18-CV-1657 JLS (WVG)

6, 7, 12; Julian Reply Decl. Ex. 5; *see also* ECF No. 36-1 Exs. 2–4.  The term "YOUR" was defined to include Defendant's subsidiary companies. *See, e.g.*, Guevara Decl. Ex. 12 at 3.  None of the written discovery requests was directed to the ownership or operation of the Resort. *See generally* Guevara Decl. Exs. 6, 7, 12; Julian Reply Decl. Ex. 5.

Defendant's responses to Plaintiff's requests for admission and for production of documents opened with a "Preliminary Statement," noting "*Defendant does not own or operate the subject premises* and therefore does not technically have possession, custody, or control of responsive documents or information.  However, defendant will provide information and documents from an entity with responsive documents and information." Guevara Decl. Ex. 7 at 2 (emphasis added); Julian Reply Decl. Ex. 5 at 2 (emphasis added). Defendant's response to Plaintiff's interrogatories included an identical statement as its first general objection. Julian Decl. Ex. C at 2.

Fact discovery closed on April 12, 2019. *See* ECF No. 8 ¶ 6.  Consequently, Plaintiff propounded no additional discovery concerning the ownership or operation of the Resort. It also appears that Plaintiff attempted to notice the deposition of Defendant's Rule 30(b)(6) designee and Mr. Busic on April 11, 2019—the day before discovery closed. *See* ECF No. 21 at 6 (citing ECF No. 17 Exs. 10–11).  Accordingly, Plaintiff never deposed Defendant or any of its employees. *See* Julian Reply Decl. ¶ 9.  In any event, the Rule 30(b)(6) deposition notice did not list the ownership or management of the Resort among the topics to be covered. *See* ECF No. 17 Ex. 10.

After hearing several times, "It wasn't me," at some point a reasonable plaintiff would ask, "Well, who was it, then?"  Plaintiff did not.  Plaintiff attempts to evade responsibility by shrugging off Defendant's discovery disclaimers as "a generic statement . . . [t]hat would suggest to a reasonable party nothing more than a boilerplate 'just in case' defense." MSJ Opp'n at 7.  To the contrary, these statements were made at the very outset

---

waiting three months before beginning written fact discovery in the matter," meaning "Plaintiff has not at all acted diligently to complete discovery by the deadline set by the Court." *Id.*

18-CV-1657 JLS (WVG)

of Defendant's discovery responses and were certainly not "boilerplate."  *See Johnson*, 975 F.2d at 609–10 ("Failing to heed clear and repeated signals that not all the necessary parties had been named in the complaint does not constitute diligence. . . .  The simple fact is that [the plaintiff's] attorneys filed pleadings and conducted discovery but failed to pay attention to the responses they received.").  Ms. Guevara also attests that she "was never informed by Defendant's counsel or anyone else of the name of any other entity that owned, controlled, or managed the premises where Plaintiff was injured."  Guevara Decl. ¶ 3.  Assuming that is true for purposes of Defendant's Motion for Summary Judgment,[4] it is irrelevant—ultimately, it is incumbent upon Plaintiff to discover the identity of the proper defendant, particularly if the party sued consistently represents that it is not the proper defendant.  *See Johnson*, 975 F.2d at 610 ("The burden was upon [the plaintiff] to prosecute his case properly.").  After none of these events—including after Defendant filed the instant Motion for Summary Judgment—did Plaintiff attempt to amend the scheduling order so that he could amend his Complaint to add the correct defendants.[5]

Instead, Plaintiff weakly argues that "[t]he name of the property where Plaintiff was injured is Omni La Costa Resort & Spa – i.e., the same name as Defendant."  Guevara Decl. ¶ 3.  Be that as it may, it is not how United States corporate law works.  As Defendant correctly notes, *see* MSJ at 8–9, "[i]t is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation . . . is not liable for the acts of its subsidiaries."  *United States v. Bestfoods*, 524 U.S. 51, 61 (1998).  There are

---

[4] The Court notes that Ms. Guevara does not attest that Defendant never told her that it was not a proper Defendant.  This would lend some credence to Ms. Julian's version of events, *see supra* note 1, particularly given Magistrate Judge Gallo's observation that "Ms. Guevara may have represented Plaintiff as far back as September 17, 2018."  ECF No. 21 at 6 n.7.  The most reasonable inference, therefore, may be that Ms. Julian spoke to Ms. Guevara rather than Ms. Mulholland.  Although this evidence would bolster the Court's decision to grant summary judgment in favor of Defendant, ultimately it is not necessary.

[5] As Defendant notes, it would be difficult for Plaintiff to establish the good cause necessary to amend the Scheduling Order to amend his Complaint pursuant to Federal Rule of Civil Procedure 16.  *See* MSJ at 11; *see also Johnson*, 975 F.2d at 608–10 (explaining that a party seeking to amend his or her complaint after the deadline has passed must demonstrate good cause, and that "[f]ailing to heed clear and repeated signals that not all the necessary parties had been named in the complaint does not constitute diligence").

18-CV-1657 JLS (WVG)

limited exceptions, including veil piercing.  *See id.* at 62.  Such a theory, however, would require Plaintiff "[t]o demonstrate that the parent and subsidiary are 'not really separate entities'" by proving that "(1) there is such unity of interest and ownership that the separate personalities [of the two entities] no longer exist and (2) that failure to disregard [their separate identifies' would result in fraud or injustice."  *Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001) (quoting *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir. 1996)) (alterations in original), *abrogated on other grounds as recognized by Williams v. Yamaha Motor Co.*, 851 F.3d 1015 (9th Cir. 2017).  Plaintiff makes no argument—and introduces no evidence—supporting Defendant's liability based on the actions of its subsidiary LC or the unrelated entity OHMC.  Rather, all available evidence suggests that Defendant has observed corporate formalities such that its identity remains separate.  *See generally* Williams Aff.; *see also Unocal Corp.*, 248 F.3d at 926–28 (concluding that the plaintiffs' "wealth of evidence . . . does not suggest such a unity of interest and ownership between [the parent company] and its subsidiaries that their separate corporate personalities no longer exist").

Accordingly, "[o]n this record, there is not a scintilla of evidence that supports a finding that defendant . . . is the proper defendant in this action."  *See Oghogho*, 2009 WL 238091, at *9 (citing *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000); *Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir. 1997)).  The Court therefore concludes that summary judgment is proper.  *See Johnson*, 975 F.2d at 606–07, 610–11 (affirming district court's denial of the plaintiffs' motion to amend their complaint for negligence against a ski resort and grant of summary judgment in favor of the defendant where the plaintiff filed his complaint against a holding company owning the majority of the stock in the company that owned and operated the resort at which the injury occurred and where the defendant had denied ownership or management of the resort in its answer, had informed the plaintiff in an interrogatory response that it neither owned nor operated the resort, and had sent the plaintiff's counsel a letter asking whether the plaintiff would be willing to stipulate to the dismissal of the defendant and substitution of the proper

defendant); *Burden*, 2016 WL 551993, at *4–7 (denying motion for leave to file an amended complaint and granting summary judgment in favor of the defendant in a premises liability action against a restaurant where the defendant had denied in its answer that it owned or possessed the property, had named the proper defendant as a named insured in response to discovery requests, and had sent a letter to the plaintiff's counsel regarding the sale of the restaurant to the proper defendant years prior to the underlying incident); *Evans*, 2011 WL 13177603, at *1, *2–3 (granting summary judgment in favor of the defendant in Unfair Competition Law action where the defendant introduced contracts governing the underlying service to which the defendant was not a party and the plaintiff failed to introduce any evidence in rebuttal).

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 35).  Accordingly, the Court **DENIES AS MOOT** Defendant's Motion to Exclude (ECF No. 34).  The Clerk of Court **SHALL ENTER JUDGMENT** in favor of Defendant and **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  September 14, 2020

Hon. Janis L. Sammartino
United States District Judge

18-CV-1657 JLS (WVG)